IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SEAN JULANDER, <br><br> Plaintiff, <br><br> v. <br><br> MATTHEW BELL, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL <br><br> Case No. 4:19-cv-00011-DN <br><br> District Judge David Nuffer |

Acting *pro se*, Plaintiff filed a civil rights complaint under 42 U.S.C. § 1983[1] and was allowed to proceed *in forma pauperis*.[2] However, as discussed in two orders to show cause,[3] Plaintiff's complaint is a reiteration of prior actions filed by Plaintiff, which were dismissed, in part, for failure to state a claim upon which can be granted. Although Plaintiff filed a reply to the second Order to Show Cause,[4] he has not identified a legitimate basis for the relief sought. Plaintiff now seeks appointment of counsel.[5]

There is no constitutional right to counsel in civil cases.[6] The court may, at its discretion, "request an attorney to represent any person unable to afford counsel."[7] The applicant has the burden of convincing the court that his claim has enough merit to justify the appointment of

---

[1] Civil Rights Complaint (42 U.S.C. § 1983), docket no. 3, filed Mar. 4, 2019.

[2] **Error! Main Document Only.**28 U.S.C. § 1915.

[3] Order on Application to Proceed Without Prepayment of Fees and Order to Show Cause, docket no. 4, entered Mar. 4, 2019; Order to Show Cause, docket no. 5, filed Apr. 15, 2019.

[4] Order to Show Cause (Reply to the Court), docket no. 8, filed Apr. 29, 2019.

[5] Motion for Appointment of Counsel, docket no. 7, filed Apr. 29, 2019.

[6] *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006).

[7] 28 U.S.C. § 1915(e)(1).

counsel.[8] When deciding whether to appoint counsel, the court considers a variety of factors, including: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[9]

Here, Plaintiff has not provided any facts or analysis to support his request for counsel and merely states that "[t]he court has already approved the plaintiff's application to file the matter *in forma pauperis*."[10] Regardless, considering the above factors, appointment of counsel is not warranted. Plaintiff's claims do not raise complex legal issues that would benefit from the assistance of counsel. To the contrary, they lack merit and dismissal of the case is appropriate.[11]

THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel[12] is DENIED.

Dated May 2, 2019.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[8] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[9] *Long v. Schillinger*, 927 F.2d 525, 527 (10th Cir. 1991); see also *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

[10] Docket no. 7.

[11] *See* Order Dismissing Case and Designating Plaintiff as a Restricted Filer.

[12] Docket no. 7.